**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERICKA T. JEFFERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-1308 CDP |
| | ) | |
| MERCY HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Ericka T. Jefferson for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the financial information submitted in support, the Court finds that plaintiff is able to pay the filing fee. The Court will therefore deny the motion, and order plaintiff to pay the statutory filing fee of $405 within thirty days of the date of this Order. If plaintiff fails to timely pay the filing fee, the Court will dismiss this case without prejudice.

Additionally, for the reasons discussed below, plaintiff will be directed to submit a copy of her charge of discrimination within thirty days. Finally, the Court will deny plaintiff's motion for appointment of counsel, ECF No. 3, and motion for an "[e]mergency order to halt all utility/service disconnections to [her] residence pending finalization of [her] case," ECF No. 4.

### Motion to Proceed *in Forma Pauperis*

"According to 28 U.S.C. § 1915, this Court may authorize commencement of a suit without prepayment of fees by a person who, in good faith, files an affidavit stating that he or she is unable to pay the costs of the lawsuit." *Andrews v. Nicholson*, 2005 WL 2403449, at *1 (W.D. Mo. Sept. 28, 2005) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). The Court follows a two-step process

in considering whether the applicant should be permitted to proceed *in forma pauperis*. *Id.* First, the Court must determine whether the applicant qualifies by economic status; second, the court must determine whether under § 1915(e) the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.*

"The opportunity to proceed *in forma pauperis* is a privilege rather than a right, and should not be used to abuse the Court's process." *Broulette v. Spencer*, 2005 WL 1009577, *1 (W.D. Mo. Apr. 20, 2005) (citing *Williams v. McKenzie,* 834 F.2d 152, 154 (8th Cir. 1987)). "In considering a request to proceed *in forma pauperis*, the court will compare an applicant's monthly income and cash on hand to her monthly expenses and financial obligations." *Bey v. Kelly*, 2021 WL 4713416, at *1 (D. Kan. Sept. 8, 2021). Determining whether an applicant is sufficiently impoverished to qualify under § 1915 rests within the sound discretion of the trial court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983), *cert. denied*, 466 U.S. 980 (1984). Such showing of poverty is sufficient if the applicant would become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

Here, plaintiff submitted an affidavit of financial status stating she is without means to pay the $405 filing fee required to commence the instant lawsuit. ECF No. 2. Plaintiff indicates she receives "disability or worker's compensation payments" and currently earns "$1476/week" or $5904 per month in gross income. Plaintiff lists her total monthly financial obligations, equaling approximately $3197 per month.

Thus, from the information provided, plaintiff does not meet the economic requirements for *in forma pauperis* status as she would not become destitute or forced to give up the basic

necessities of life if required to pay the $405 filing fee for filing the instant lawsuit. *See e.g.*, *Andrews*, 2005 WL 2403449, at *1 (denying *in forma pauperis* status to plaintiff who reported a net income of $1,934.00 per month and $200.00 of available cash funds); *Finley v. Comm'r of Soc. Sec.*, 2021 WL 2333348, at *1 (E.D.N.Y. June 8, 2021) (denying *in forma pauperis* status to plaintiff who reported $10,000 in cash despite having expenses exceeding his monthly income). The financial affidavit indicates that plaintiff's monthly expenses do not outweigh her monthly income. Therefore, the Court will deny the motion to proceed *in forma pauperis*. If plaintiff wishes to proceed with this action, she must pay the filing fee within thirty (30) days from the date of this Memorandum and Order.

### Charge of Discrimination Required

Plaintiff is a self-represented litigant who brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for alleged employment discrimination and retaliation. ECF No. 1.

"In order to initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter." *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). Although plaintiff has attached a right-to-sue letter to her complaint, ECF No. 1-1, she has not provided the Court with a copy of her charge of discrimination. Consequently, the Court will order plaintiff to supplement the complaint by submitting a copy of her charge of discrimination within thirty (30) days of the date of this Order so the Court may ascertain whether plaintiff's claims in her complaint are like or reasonably related to the claims outlined in her charge. *Duncan v. Delta Consolidated Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004). If plaintiff fails to submit her charge of discrimination within thirty (30) days, the Court will dismiss this action without prejudice and without further notice.

## Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 3. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

## Motion for Emergency Order

Plaintiff has also filed a motion requesting an "emergency order to halt all utility/service disconnections to [her] residence pending finalization of [the instant] case." ECF No. 4. She asks that this Court "[r]estore electricity to [her] residence for nonpayment which was disconnected" and order that her gas company, trash services, and phone and internet services, not be disconnected in the future. *Id.* This motion must be denied because she seeks the Court to "perform

4

an action the Court has no power to do, i.e., enter an Order against a nonparty." *Amsinger v. I.R.S.*, No. 4:13-CV-00281-ERW, 2013 WL 6008208, at *3 (E.D. Mo. Nov. 13, 2013). *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969) (concluding that it was error to enter an injunction against a non-party). The utility companies that service plaintiff's home are not parties in this case. The instant action is an employment discrimination case against plaintiff's former employer and, as such, all claims must be within the scope of that subject matter. *See Hatton v. Accord Bldg. Servs., L.L.C.,* No. 4:09-CV-1888-SNLJ, 2010 WL 2540117, at *1 (E.D. Mo. Jun. 16, 2010). Consequently, this motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay the statutory filing fee of $405 within **thirty (30) days** of the date of this Order. Failure to timely pay the $405 filing fee shall result in the dismissal of this case, without prejudice and without further notice.

**IT IS FURTHER ORDERED** that plaintiff shall submit a copy of her charge of discrimination within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** at this time without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall submit a copy of her charge of discrimination within thirty (30) days of the date of this Order. Failure to comply with this Court's Order may result in a dismissal of this action, without prejudice.

5

**IT IS FURTHER ORDERED** that plaintiff's motion for an "emergency order to halt all utility/service disconnections to [her] residence pending finalization of [the instant] case" [ECF No. 4] is **DENIED**.

Dated this 5th day of November, 2024.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE