## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ERICKA T. JEFFERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-1308 CDP |
| ) | |
| MERCY HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court upon two letters, dated November 7, 2024 and November 8, 2024, filed by self-represented plaintiff Ericka T. Jefferson. ECF Nos. 7, 8. Within the November 7th letter, plaintiff asks the Court for "reconsideration of assignment of counsel as well as financial assistance with the fee." ECF No. 8. Within the November 8th letter, plaintiff asks the Court to "reconsider halting [utility] disconnections until the finalization of this case." ECF No. 7. For the reasons discussed below, the Court will allow plaintiff the opportunity to submit an amended 'Application to Proceed in District Court without Prepaying Fees or Costs.' Plaintiff's remaining requests will be denied.

On September 27, 2024, plaintiff filed the instant employment discrimination action accompanied by a motion for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Within the form to provide her financial information, plaintiff indicated she received "disability or worker's compensation payments" and currently earns "$1476/week" or $5904 per month in gross income. Plaintiff listed her monthly financial obligations to be less than her monthly income. On November 5, 2024, the Court reviewed plaintiff's request and the financial information submitted in support. ECF No. 6. The Court denied

her motion to proceed without prepayment of the required filing fee because she did not meet the economic requirements for *in forma pauperis* status. Consequently, the Court ordered her to pay the statutory filing fee of $405 within thirty days.

Within the November 7th letter, plaintiff writes:

> I have been unemployed since filing unemployment and have since then exhausted all of those funds in its entirety. The gross pay that I included in the paperwork of the court was while I was employed at Mercy and [am] no longer employed due to being discriminated against. I explained this to the unemployment agency who approved my unemployment as it was at no fault of my own.

ECF No. 8.

It appears plaintiff is asserting that she misunderstood the income portion of the financial affidavit form and, therefore, provided incorrect information. As a result, the Court will direct the Clerk to send plaintiff a blank 'Application to Proceed in District Court without Prepaying Fees or Costs.' Plaintiff is instructed to carefully read each question and provide information regarding her *current* financial status. For example, on page 1 of the form, if plaintiff is currently receiving unemployment payments or payments from any other sources, she *must* list the total amount as her gross income. If plaintiff is not receiving any income from any sources, she should write $0. Plaintiff is reminded that her responses are under the penalty of perjury and must be careful to provide accurate information.

The Court will deny plaintiff's request to reconsider its denial for appointment of counsel for the same reasons stated in its November 5, 2024 Memorandum and Order. The Court will, however, entertain future motions for appointment of counsel as the case progresses, if appropriate.

Finally, the Court will again deny plaintiff's request for this Court to order her utility companies not to disconnect her services. This is an employment discrimination case directed at her previous employer, Mercy Hospital. As such, plaintiff may *only* bring employment related

claims against defendant Mercy Hospital in this case. While the Court sympathizes with her difficulties in paying for utilities, phone and internet services, it does not have the authority or jurisdiction to order those companies to cease disconnection. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969) (concluding that it was error to enter an injunction against a non-party).

Finally, although plaintiff is self-represented, she is still required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Missouri.  Any further requests must be filed as motions and must clearly state the exact relief she is seeking by way of motions.  Letters to the Court are not allowed.  *See* E. D. Mo. Local Rule 4.04(A).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to mail to plaintiff a copy of the Court's form 'Application to Proceed in District Court without Prepaying Fees or Costs.'

**IT IS FURTHER ORDERED** that plaintiff must either pay the $405 filing fee or submit an amended 'Application to Proceed in District Court without Prepaying Fees or Costs,' in accordance with the instructions set forth herein, within fourteen (14) days of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff's request to reconsider the Court's denial of her motion for appointment of counsel and denial of her motion to order her utility companies to cease disconnections are **DENIED**.

Dated this 13th day of November, 2024.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE