UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIKA T. JEFFERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:24 CV 1308 CDP |
| | ) |
| MHM SUPPORT SERVICES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff alleges that she was terminated, retaliated against, and harassed by defendant, her former employer, based on her race and color in violation of Title VII of the Civil Rights Act of 1964. ECF 1. Defendant moves for judgment on the pleadings or, in the alternative, for summary judgment. ECF 30. Because plaintiff is a self-represented litigant, the Court granted her additional time to file a response to the motion. ECF 32. Instead of filing a timely response, plaintiff submitted a letter to the Court setting out her complaints about her job. ECF 34. The Court accepted her late filing as an opposition and granted defendant additional time to file a reply brief in support of its motion. ECF 34. The motion is now fully briefed. Defendant is entitled to judgment for the reasons set forth below.

Legal Standards

In deciding a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), courts apply the same legal standard used for a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Ashley Cnty., Ark v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).  Courts are required to accept as true the factual allegations in the complaint and must resolve all inferences in the non-moving parties' favor.  *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006).  "A grant of judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law."  *Poehl v. Countrywide Home Loans, Inc.,* 528 F.3d 1093, 1096 (8th Cir. 2008) (cleaned up).  "Well-pleaded facts, not legal theories or conclusions, determine the adequacy of the complaint."  *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009) (cleaned up).  The facts alleged in the complaint "'must be enough to raise a right to relief above the speculative level.'"  *Drobnak v. Andersen Corp.,* 561 F.3d 778, 783 (8th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  If matters outside the pleadings "are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  When this occurs, "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  *Id.*

Summary judgment must be granted when the pleadings and proffer of evidence demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011). I must view the evidence in the light most favorable to the nonmoving party and accord her the benefit of all reasonable inferences. *Scott v. Harris,* 550 U.S. 372, 379 (2007). My function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

The moving party bears the burden of informing the Court of the basis of its motion and demonstrating the absence of an issue for trial. *Celotex Corp.*, 477 U.S. at 323. Once a motion is properly made and supported, the nonmoving party must either proffer evidence in the record that demonstrates a genuine issue of material fact or show that the moving party's proffer does not establish the absence of a genuine dispute. Fed. R. Civ. P. 56(c)(1). The substantive law determines which facts are critical and which are irrelevant. *Anderson*, 477 U.S. at 248. Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Id.*

In determining a motion for summary judgment, I consider only those facts that can be supported by admissible evidence. Fed. R. Civ. P. 56(c)(2); *Woods v.*

3

*Wills*, 400 F. Supp. 2d 1145, 1175-76 (E.D. Mo. 2005).  Testimony that would not be admissible is ignored.  *Shaver v. Independent Stave Co.*, 350 F.3d 716, 723 (8th Cir. 2003).  Accordingly, speculation, personal opinion, and legal conclusions are not "facts" upon which a party may rely for summary judgment purposes.  *See Benford v. Grisham*, No. 1:18CV5 JMB, 2020 WL 569871, at *3 (E.D. Mo. Feb. 20, 2020).  Under these standards I review the facts of this case.

Background Facts

Plaintiff's bare-bones complaint contains few factual allegations.  She did not file any response to defendant's statement of material facts in support of its motion for summary judgment, ECF 31, which are now deemed admitted by Local Rule 4.01(E).  Plaintiff's *pro se* status does not excuse her compliance with either the Local or Federal Rules of Civil Procedure.  The following uncontroverted facts have been considered by the Court.

Plaintiff was hired by defendant in February 2024 as a respiratory disease management assessor in the respiratory therapy department.  An assessor is a respiratory therapist who focuses on patient education.  Plaintiff's job required her to understand each patient's needs and respiratory conditions and to educate patients and their families on post-discharge medications and treatments.  Plaintiff was also required to document her work accurately in each patient's medical record and to follow all patient safety procedures when conducting assessments.

During her orientation, plaintiff worked alongside other respiratory therapists, who reported to plaintiff's supervisor about her job performance.  Plaintiff's supervisor heard from these therapists that plaintiff was not communicating well with patients and failing to provide them with all necessary information.  She was also providing them with misinformation and did not meet patient safety standards during assessments.  Despite being shown repeatedly how to perform tasks, plaintiff was unable to properly complete them on her own after five weeks of orientation.

Plaintiff was given additional time to successfully complete orientation, including a roleplaying session with her supervisors.  However, she did not meet expectations during that session and the respiratory therapists continued to report that plaintiff was unable to satisfactorily perform the required job duties on her own.  For that reason, plaintiff's employment was terminated on April 9, 2025.

In her *pro se* complaint plaintiff alleges that one of the respiratory therapists demeaned her and yelled at her.  She was also told not to abbreviate things.  She requested additional orientation by a different therapist but defendant did not respond.  She alleges that "the reason that I was being terminated was because I asked for additional time to orientation.  I was new to the role and the hospital and everyone I followed did something different in the role making it more confusing, as there was no standard method of how to do the role."  ECF 1 at 6.

In her letter opposing defendant's motion, plaintiff states that she "was given about 10-20 booklets to read without any reasonable paid orientation time to do so" and claims that defendant "cannot expect me to work from home to read the material" because she was an hourly employee. ECF 33. She also complains that the job was complex, her training was not well organized or executed, and that the timeframe for orientation was "unrealistic." *Id.* Plaintiff believes that she is entitled to "reimbursement" for "mental/emotional damages" from defendant and a "full time leadership role in Mercy" because she received unemployment benefits from the State of Missouri and therefore "was not at fault" for losing her job. *Id.*

## Discussion

Title VII makes it an unlawful employment practice for a covered employer to discharge or discriminate against an individual because of their race or color. 42 U.S.C. § 2000e-2(a)(1). The statute also makes it unlawful to discriminate against a person because of their opposition to any unlawful employment practice. *Id.* § 2000e-2(a)(1).

Plaintiff's complaint alleges termination, retaliation, and harassment but contains no facts connecting any of defendant's actions to her race or color, which are not specified in the complaint.[1] To maintain a *prima facie* case of employment

---

[1] In her Charge of Discrimination filed with the EEOC, however, plaintiff states that she is African American. ECF 8.

discrimination in violation of Title VII, plaintiff must show: (1) she is a member of a protected class, (2) she met her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination. *Lake v. Yellow Transp., Inc.*, 596 F.3d 871, 874 (8th Cir. 2010).

In addition to failing to identify her protected class, plaintiff has also alleged no facts that would permit a reasonable factfinder to conclude that she was meeting performance expectations or that the circumstances surrounding her termination give rise to an inference of discrimination.[2] To the contrary, plaintiff affirmatively alleges that "[t]he reason I was being terminated was because I asked for additional time to orientation." ECF 1 at 6. This allegation suggests only that plaintiff was terminated for not meeting defendant's employment expectations, rather than being terminated because of her race or color. As plaintiff has not alleged any facts regarding her protected status or linking her termination to her protected status, she has failed to state a claim for discriminatory discharge under Title VII.

Plaintiff also does not allege facts sufficient to support a retaliation claim. To establish a *prima facie* case of retaliation under Title VII, plaintiff must establish that: (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) a causal connection exists between the

---

[2] Plaintiff does not even allege what her job was in the complaint.

protected activity and the adverse employment action. *Thomas v. Corwin*, 483 F.3d 516, 530 (8th Cir. 2007). The complaint does not allege that plaintiff engaged in any statutorily protected activity or that she was discharged as a result. Rather, as stated above, the complaint alleges only that plaintiff requested additional orientation and "was terminated shortly after because I asked for additional time to [sic] orientation." ECF 1 at 5-6. But the request for additional training is not a protected activity under Title VII, so plaintiff has not pled any facts that could establish the elements of a retaliation claim. *See, e.g., Smith v. International Paper Co.*, 523 F.3d 845, 849 (8th Cir. 2008) (affirming dismissal because "nowhere in his complaint" did plaintiff "allege that he was retaliated against because of a complaint of racial discrimination or racial harassment"). Because plaintiff has not alleged that she engaged in protected activity and was discharged because of that activity, she cannot establish a claim for retaliation under Title VII.

As for plaintiff's harassment claim, the Court's initial determination upon *in forma pauperis* review that this claim appears exhausted may be mistaken. *See* ECF 11. In fact, a review of plaintiff's Charge of Discrimination filed with the EEOC demonstrates that plaintiff only alleged discrimination based on race and retaliation, not harassment. In the body of her complaint, however, she states that she was yelled at during orientation. "Before a plaintiff can bring a lawsuit alleging unlawful discrimination under Title VII, she must file a timely charge with

8

the EEOC or a state or local agency with the authority to grant or seek relief." *Jones v. City of St. Louis, Mo.*, 825 F.3d 476, 482 (8th Cir. 2016) (citing 42 U.S.C. § 2000e-5(e)(1)) (cleaned up).  Each incident of discrimination alleged in a charge "constitutes a separate actionable unlawful employment practice." *Id.* (cleaned up).  Title VII administrative remedies are exhausted for incidents "like or reasonably related to the allegations" within a charge, and the scope of a civil action brough pursuant to Title VII is "limited to the claims properly brought" within the administrative charge.  *Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 539 (8th Cir. 2020) (cleaned up).  Though a court should "construe administrative charges liberally," it will not "invent, *ex nihilo*, a claim that was not made before the relevant agency." *Weatherly v. Ford Motor Co.*, 994 F.3d 940, 944 (8th Cir. 2021).  "The key is that the scope of a judicial complaint can be no broader than the scope of the EEOC investigation that could reasonably be expected to grow out of the charge in the EEOC complaint." *Id.* (cleaned up).

In this case, it is doubtful that a claim of harassment would be investigated based upon a factual allegation that plaintiff was yelled at, particularly where no harassment claim was alleged and claims of race discrimination and retaliation are distinct from a hostile work environment or harassment claim. *See Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1018-19 (8th Cir. 2011) (describing the distinction between a discrimination claim and a hostile work environment claim); *Paskert*, 950 F.3d at

9

539 (describing the distinction between a discrimination claim, a hostile work environment claim, and a retaliation claim for purposes of exhausting administrative remedies and concluding that each must be alleged separately with administrative body). Therefore, it is doubtful that that plaintiff has appropriately exhausted her administrative remedies with respect to the harassment claim. However, given the Court's initial determination that the claims were exhausted and defendant's failure to affirmatively raise this issue in its motion, the Court will go on to consider whether plaintiff can otherwise maintain a harassment claim.  As set forth below, she cannot.

     Plaintiff's allegation that she was demeaned and yelled at does not allege plausible facts to support a harassment claim.  To maintain a harassment claim, plaintiff must establish that (1) she belongs to a protected class; (2) she was subject to unwelcome harassment; (3) a causal nexus exists between the harassment and her protected characteristic under Title VII; and (4) the harassment affected a term, condition, or privilege of employment. *Al–Zubaidy v. TEK Indus.*, Inc., 406 F.3d 1030, 1038 (8th Cir. 2005).  "Hostile work environment claims are limited in nature, requiring a high evidentiary showing that the plaintiff's workplace is 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Vajdl v. Mesabi Academy of KidsPeace, Inc.*,

484 F.3d 546, 550 (8th Cir. 2007) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)).  "Merely offensive conduct is not enough absent the requisite effect on the terms or conditions of employment. Title VII does not impose a code of workplace civility."  *Woodland v. Joseph T. Ryerson & Son, Inc.*, 302 F.3d 839, 843 (8th Cir. 2002) (cleaned up).  "Discourtesy and rudeness should not be confused with racial harassment and a lack of racial sensitivity, does not, alone, amount to actionable harassment."  *Mems v. City of St. Paul*, *Dept. of Fire and Safety Servs.,* 327 F.3d 771, 782 (8th Cir. 2003).  "The law governing racial discrimination does not create a claim for all unpleasant or abusive behavior in the workplace; it is not a general civility code and does not apply to the normal tribulations of the workplace, such as the sporadic use of abusive language, race-related jokes and occasional teasing."  *Id.*

Even if the Court assumes that plaintiff was demeaned and yelled at, the complaint fails to allege how the conduct was related to any protected status.  *See Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 519 (8th Cir. 2010) ("None of the actions by defendant's managers establish a racially hostile work environment. Plaintiff offers little more than speculation and conjecture that the name calling and nitpicking and ridicule had anything to do with race.") (cleaned up); *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 922 (8th Cir. 2018) (affirming judgment as a matter of law because the plaintiff had "not linked any of

11

the allegedly harassing actions to his membership in a protected class.") (cleaned up). Accordingly, plaintiff has not stated a harassment claim.

In addition, summary judgment in favor of defendant is appropriate based upon the undisputed facts of which plaintiff had adequate notice and an appropriate opportunity to respond.[3]

Here, plaintiff can survive summary judgment on her claim that she was terminated based on her race or color either by (1) presenting direct evidence of discrimination, or (2) "creating the requisite inference of unlawful discrimination through the *McDonnell Douglas* analysis, including sufficient evidence of pretext." *Towery v. Miss. Cnty. Ark. Econ. Opportunity Comm'n, Inc.*, 1 F.4th 570, 573 (8th Cir. 2021) (cleaned up). Plaintiff presents no direct evidence of discrimination, so the Court will analyze her claims under the familiar *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), burden-shifting framework. First, plaintiff must establish a *prima facie* case of discrimination. If she does so, the burden then shifts to defendant to articulate a legitimate, nondiscriminatory reason for terminating her. *See Torgerson v. City of Rochester*, 643 F.3d 1031, 1046 (8th Cir. 2011). "The burden to articulate a nondiscriminatory justification is not onerous, and the explanation need not be demonstrated by a preponderance of the

---

[3] Plaintiff was granted additional time (30 days) to respond to defendant's motion, and despite her failure to file a timely opposition the Court nevertheless considered the letter submitted on April 23, 2025 as her opposition to dismissal in recognition of her *pro se* status.

evidence." *Id.* at 1047 (cleaned up). The ultimate burden then falls on plaintiff to produce evidence sufficient to create a genuine issue of material fact regarding whether defendant's proffered nondiscriminatory justification for her termination is a mere pretext for intentional discrimination. *Id.* at 1046. The "burden to show pretext merges with the ultimate burden of persuading the court that plaintiff was the victim of intentional discrimination." *Id.* (cleaned up).

To meet her *prima facie* burden, plaintiff must show that she was in a protected group, that she was meeting her employer's job expectations, that she was discharged, and that the discharge occurred in circumstances permitting an inference of discrimination or retaliation. *Calder v. TCI Cablevision of Missouri, Inc.*, 298 F.3d 723, 729 (8th Cir. 2002). And as defendant has articulated a non-discriminatory reason for her discharge, namely that plaintiff was not meeting its expectations that she perform her job without assistance or supervision after an extended orientation period, plaintiff can avoid summary judgment only by showing that this reason was pretext for discrimination. *Id.* She has the "ultimate burden" of presenting admissible evidence to establish that inference. *Id.*

Here, plaintiff cannot meet her *prima facie* burden because she offers no evidence that she was "performing her job at a level that met her employer's legitimate expectations." *Id.* "Plaintiff must also do more than allege that she believed she was meeting expectations or that other employees thought she was a

13

good employee." *Cherry v. Ritenour Sch. Dist.*, 253 F. Supp. 2d 1085, 1095 (E.D. Mo. 2003). Rather, she must "show by independent evidence in the summary judgment record that she was actually performing her job at the level specified by defendant." *Id.* (cleaned up).

Plaintiff cannot meet that burden where it is undisputed that her training respiratory therapists expressed serious concerns to her supervisors about her job performance. These concerns included her failure to communicate effectively and accurately with patients, her inability to remember the tasks she needed to perform and instructions she needed to give to patients, and her lack of attention to documentation and patient safety. Her supervisors then scheduled a roleplaying training session with her so that they could evaluate her performance themselves. After that session, they concluded that she was not meeting expectations with respect to job performance. Under these circumstances it is undisputed that plaintiff was not meeting expectations, and her personal belief that the job was "complex" or required a longer orientation period is insufficient to create a triable issue on this undisputed material fact.

Moreover plaintiff presents no evidence that her discharge occurred under circumstances permitting an inference of discrimination. *Calder*, 298 F.3d at 729. To the contrary, the undisputed evidence reflects that plaintiff was discharged for performance concerns a mere two months after being hired by the same

14

supervisors.  *Herr v. Airborne Freight Corp.*, 130 F.3d 359, 362-63 (8th Cir. 1997) ("There is a strong inference that discrimination was not a motivating factor if the same person hired and fired the plaintiff within a relatively short period of time."); *Lowe v. J.B. Hunt Transport, Inc.*, 963 F.2d 173, 174-75 (8th Cir. 1992) (affirming judgment in favor of defendant where the same individuals hired and fired plaintiff within two years and no strong evidence suggested discriminatory intent).

Even if plaintiff could establish a *prima facie* case, defendant articulated a legitimate reason for her discharge and she cannot establish pretext through her personal belief, however sincerely held, that the job required more or better training.  *See Farver v. McCarthy*, 931 F.3d 808, 812 (8th Cir. 2019).  "Ultimately, the plaintiff must show that a prohibited reason, rather than the employer's stated reason, actually motivated the employer's action."  *Nelson v. USAble Mut. Ins. Co.*, 918 F.3d 990, 993 (8th Cir. 2019) (cleaned up).  However unfair plaintiff may believe defendant's decision to be, "federal courts do not sit as a super-personnel department that reexamines an entity's business decisions.  Rather, our inquiry is limited to whether the employer gave an honest explanation of its behavior." *Canning v. Creighton Univ.*, 995 F.3d 603, 612 (8th Cir. 2021) (cleaned up). Plaintiff offers no evidence of pretext and has not met her burden of showing that she was fired because of her race or color, rather than because of performance issues.  Nor has plaintiff carried her ultimate burden of persuading the Court that

she was the victim of intentional discrimination. Accordingly, defendant is entitled to summary judgment on plaintiff's claim of disparate treatment discrimination.

Plaintiff also alleges, with no explanation, that she was subject to retaliation. Title VII prohibits employers from, among other things, retaliating against employees for opposing unlawful employment practices, making a charge, or participating in an investigation under the statute. 42 U.S.C. § 2000e-3(a). Here, plaintiff has no direct evidence of retaliation, so the Court analyzes her claim under the *McDonnell Douglas* burden-shifting framework. Under that framework, to establish a *prima facie* case of retaliation under Title VII, "a plaintiff must prove (1) she engaged in statutorily protected activity, (2) suffered an adverse employment action, and (3) that the engagement in a protected activity is the but-for cause of the adverse employment action." *Warren v. Kemp*, 79 F.4th 967, 973 (8th Cir. 2023) (cleaned up). "Under Title VII, protected activity includes opposition to discriminatory employment practices prohibited under Title VII ." *Id.* at 974 (cleaned up). If plaintiff is successful at establishing her *prima facie* case, the burden then shifts to defendant "to articulate a legitimate, non-retaliatory reason for the adverse action." *Liles v. C.S. McCrossan, Inc.*, 851 F.3d 810, 818 (8th Cir. 2017) (cleaned up). If defendant provides such a reason, the burden then shifts back to plaintiff to present evidence that defendant's proffered reason is a pretext for unlawful retaliation. *Id.*

16

Here, plaintiff cannot establish a prima facie case of retaliation because she has no evidence of any protected activity or a causal connection between any alleged protected activity and her discharge.  Even if she could make a *prima facie* case, defendant had legitimate, non-retaliatory reasons for discharging plaintiff, and plaintiff has no evidence beyond her own speculation to demonstrate that defendant's reasons for her discharge were a mere pretext for retaliation. Plaintiff's retaliation claim fails, and defendant is entitled to judgment as a matter of law on plaintiff's complaint.

As set forth above, plaintiff has alleged no facts demonstrating that she was subject to discrimination, retaliation, or harassment as a matter of law.  Where the undisputed evidence demonstrates that plaintiff was discharged for performance concerns, she has not created a triable issue on her discrimination or retaliation claims.  And as plaintiff has presented no evidence, much less admissible evidence, that any alleged harassment was based on her race or color and of sufficient severity to create a triable issue on a hostile environment claim, defendant is entitled to judgment as a matter of law on plaintiff's harassment claim as well.

Although plaintiff may earnestly believe that her discharge was unfair, Title VII does not operate to protect employees from improvident employment practices, only discriminatory ones.  In this case, plaintiff has failed to present any admissible evidence from which a rational trier of fact could conclude that she was

17

terminated, harassed, or retaliated against based on her race or color in violation of Title VII.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for judgment on the pleadings, or in the alternative, for summary judgment, [29] is granted, defendant shall have judgment on plaintiff's complaint, plaintiff shall take nothing on her claims, and plaintiff's complaint is dismissed with prejudice.

A separate Judgment is entered this same date.

                                                  CATHERINE D. PERRY
                                                  UNITED STATES DISTRICT JUDGE

Dated this 13th day of May, 2025.